IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| SHIRRESE B. BROCKINGTON, as the Special Administrator of the ESTATE OF TIMOTHY NEWSOME,<br><br>Plaintiff,<br><br>vs.<br><br>CAROL ANN SWORD CORP. AND TODD KEVIN BELAND,<br><br>Defendants. | Civil Action No.: **2:20-cv-1968 BHH**<br><br>**COMPLAINT** |

**COMES NOW**, Shirrese B. Brockington as the Special Administrator of the Estate of Timothy Newsome, complaining of Defendants, and who brings the following causes of action, including wrongful death and survival claims:

### SUBJECT MATTER JURISDICTION

1. Jurisdiction arises and Plaintiff brings and maintains this action under the Jones Act, 46 U.S.C. §§30104, 30105, and 30106 (formerly 46 U.S.C. §688, 41 Stat. 1007 (1920)), and pursuant to the General Maritime Law, Article III, Section 2 of the Constitution of the United States, and §1916 of the Judicial Code, 28 U.S.C. §1916. This is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h). Plaintiff requests a bench trial.

### APPLICABLE LAW

2. This is an admiralty and maritime tort claim; Plaintiff brings and maintains this action under the Jones Act, 46 U.S.C. §§30104, 30105, and 30106 (formerly 46 U.S.C. §688, 41 Stat. 1007

1

(1920)), and pursuant to the General Maritime Law, Article III, Section 2 of the Constitution of the United States, and §1916 of the Judicial Code, 28 U.S.C. §1916.

## PARTIES

3.     Shirrese B. Brockington ("Brockington") has been appointed by the Charleston Country, South Carolina Probate Court as the Special Administrator of the Estate of Timothy Newsome.

4.     Timothy Newsome, at the time of the incident described below, was employed by Carol Ann Sword Corp. as a seaman aboard F/V CAROLANN, a resident of the state of South Carolina, and 40 years old.

5.     Upon information and belief, Defendant Carol Ann Sword Corp., at the time of the incident described below, was a Florida corporation, doing business in South Carolina, the owner, charterer, owner *pro hac vice* and/or operator of F/V CAROLANN, and the employer of Timothy Newsome.

6.     Upon information and belief, Todd Kevin Beland was a resident of Charleston County, South Carolina, the captain of F/V CAROLANN, and the supervisor of Timothy Newsome.

## FACTS

7.     Timothy Newsome was hired by Carol Ann Sword Corp. and Todd Kevin Beland in the state of South Carolina.

8.     At all material times, Timothy Newsome was employed as a seaman assigned to and aboard F/V CAROLANN, a commercial fishing vessel.

9. At all times relevant hereto, Timothy Newsome was a seaman and member of the crew of F/V CAROLANN, and was acting within the course and scope of his employment with Defendant Carol Ann Sword Corp.

10. On or about June 11, 2017, Timothy Newsome and Todd Kevin Beland boarded F/V CAROLANN for a fishing trip in the Atlantic Ocean off of the coasts of Florida, Georgia, South Carolina, North Carolina and Virginia.

11. During the voyage, Timothy Newsome complained to Todd Kevin Beland and other crew members aboard F/V CAROLANN about not feeling well, stopped working and went to his bunk on F/V CAROLANN.

12. Timothy Newsome was suffering from infective endocarditis.

13. Over the next hours, Timothy Newsome's condition became worse.

14. Over the next hours, Defendants failed to obtain or provide proper and timely medical care for Timothy Newsome.

15. Over the next hours, Defendants failed to navigate F/V CAROLANN into a port of call, a port of refuge or any other proper port of call, in order to obtain proper and timely medical care for Timothy Newsome.

16. On or about June 17, 2017, Timothy Newsome died in the galley of F/V CAROLANN.

17. According to the attached autopsy, Timothy Newsome died as a result of infective endocarditis due to intravenous narcotism.

18. Infective endocarditis is a potentially dangerous or life-threatening medical condition, found in association with an infection.

19. Infective endocarditis can be treated with proper medication.

20. Had Defendants provided Timothy Newsome with proper and timely medical treatment and medication, he would not have died.

21. Despite Timothy Newsome's deteriorating medical condition, Defendants did not remove him from F/V CAROLANN, did not contact various services that provide medical care for people located on ships at sea, did not obtain medical assistance for Timothy Newsome, and instead continued with their commercial voyage of F/V CAROLANN, despite their knowledge that Timothy Newsome was sick and had not received proper medical treatment. Timothy Newsome suffered an excruciatingly painful death.

## CLAIMS

### COUNT I – UNSEAWORTHINESS

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. Carol Ann Sword Corp. owed Timothy Newsome an absolute and non-delegable duty, under the General Maritime Law of the United States, to provide Timothy Newsome with a safe place to work, to provide him with proper medical care, and to furnish him a safe, seaworthy vessel, appurtenances, equipment and personnel.

24. Notwithstanding these duties and warranties, Carol Ann Sword Corp. caused Timothy Newsome's wrongful death by breaching their above-mentioned duties, by failing to provide Timothy Newsome with a safe place to work, proper medical care, and a seaworthy vessel, appurtenances, and equipment, not taking him to shore to receive medical care, not calling a special medical service to determine what type of medical care he needed, not providing competent medical care aboard the vessel, not providing properly trained and supervised medical officers aboard the

vessel, and by continuing on with the commercial voyage of said vessel, thereby causing Timothy Newsome's injuries, death and damages, as herein alleged in the First Cause of Action, and others to be shown at trial.

25. The injuries and death sustained by causing Timothy Newsome were proximately caused and/or substantially contributed to by the unseaworthiness of said vessel and its attached equipment and appurtenances.

26. As a direct result of Timothy Newsome's injuries, Timothy Newsome's Estate has suffered damages, including pre-death pain and suffering of Timothy Newsome, Timothy Newsome's death, loss of financial support, loss of value of probable inheritance, funeral expenses and the cost of an autopsy and funeral expenses.

## COUNT II - JONES ACT NEGLIGENCE

27. Paragraphs 1 through 21 are incorporated herein by reference.

28. Under the Jones Act, 46 U.S.C. §§30104, 30105, and 30106, Carol Ann Sword Corp. owed a duty to Timothy Newsome to provide him a safe place to work, to provide timely and proper medical care, and to furnish a safe, seaworthy vessel, appurtenances and personnel.

29. Notwithstanding these duties, Defendant Carol Ann Sword Corp. was negligent in causing Timothy Newsome's wrongful death by permitting Timothy Newsome to remain on board the vessel after he became ill, failing to provide Timothy Newsome with a safe place to work, a seaworthy vessel, appurtenances and personnel by virtue of the conditions, defects and hazards existing on said vessel as a result of the failure to provide him proper medical care, failing to remove him from said vessel and take him to a hospital for proper medical care, failing to warn him of the danger of not providing proper medical care, failing to have a properly-trained officer or crew

member on board the vessel to provide him with proper medical care, and other acts of negligence to be shown at trial.

30.    The injuries and impairments sustained by Timothy Newsome were caused and contributed to, in whole or in part, by the negligence of Carol Ann Sword Corp. through its respective officers, supervisors, agents, servants and/or employees on said vessel, as well as its corporate officers and land-based supervisors, all acting within the scope of their respective employment, as set out above.

31.    As a direct result of Timothy Newsome's injuries, Plaintiff has suffered damages, including pre-death pain and suffering of Timothy Newsome, Timothy Newsome's death, loss of financial support, loss of value of probable inheritance, funeral expenses and the cost of an autopsy.

### COUNT III – FAILURE TO PAY UNEARNED WAGES

32.    Paragraphs 1 through 21 are incorporated herein by reference.

33.    "Unearned Wages" are wages which the seaman would have received had he not become sick or injured, to the end of a voyage or the period or season for which he was employed.

34.    In the present case, Carol Ann Sword Corp. has failed to provide Timothy Newsome's unearned wages until the end of the voyage, a claim for which is hereby made.

### COUNT IV - STATUTORY/PENALTY WAGE

35.    Paragraphs 1 through 21 are incorporated herein by reference.

36.    Plaintiff also seeks all back wages and future wages to which Timothy Newsome was due, including wages through the end of the voyage, plus double wages for each day such wages are deemed owing but unpaid, pursuant to the General Maritime Law of the United States, 46 U.S.C. § 10313 and related law, for Carol Ann Sword Corp.'s unwarranted, unjust, arbitrary or unreasonable failure to pay proper and timely wages, as well as all consequential and compensatory damages,

punitive damages, and all other types of damages recoverable from Defendants for such failure to pay the seaman's wages when due.

## COUNT V – WRONGFUL DEATH

37. Paragraphs 1 through 21 are incorporated herein by reference.

38. The negligence, carelessness, recklessness, willfulness and wantonness of Defendants proximately caused Timothy Newsome's death in the following respects: permitting Timothy Newsome to remain on board the vessel, failing to provide Timothy Newsome with a safe place to work, a seaworthy vessel, appurtenances and personnel by virtue of the conditions, defects and hazards existing on said vessel as a result of the failure to provide him proper medical care, failing to remove him from said vessel and take him to a hospital for proper medical care, failing to warn him of the danger of not providing proper medical care, failing to have a properly trained officer or crew member on board the vessel to provide him with proper medical care, not having the proper medicines and medical supplies aboard the vessel, and other acts of negligence to be shown at trial.

39. As a direct result of the death of Timothy Newsome, the unseaworthiness of the F/V CAROLANN, and Defendants' negligence, carelessness, recklessness, willfulness and wantonness, the Estate of Timothy Newsome has sustained and will continue to sustain compensable injuries and death, all of which will be shown more fully at the trial of this cause.

40. The Estate of Timothy Newsome has sustained the following compensable elements of damages as a result of the unseaworthiness of the vessel and/or Defendants' negligence and culpable conduct: loss of financial support, loss of value of probable inheritance, funeral expenses and the cost of an autopsy.

## COUNT VI – SURVIVAL ACTION

41. Paragraphs 1 through 21 are incorporated herein by reference.

42. The negligence, carelessness, recklessness, willfulness and wantonness of Defendants proximately caused Timothy Newsome's death in the following respects: permitting Timothy Newsome to remain on board the vessel, failing to provide Timothy Newsome with a safe place to work, a seaworthy vessel, and appurtenances and personnel by virtue of the conditions, defects and hazards existing on said vessel as a result of the failure to provide him proper medical care, not having the proper medications and medical supplies aboard said vessel, not removing him from said vessel and taking him to a hospital for proper medical care, failing to warn him of the danger of not providing proper medical care, failing to have a properly trained officer or crew member on board the vessel to provide him with proper medical care, and other acts of negligence to be shown at trial.

43. As a direct result of the death of Timothy Newsome, the unseaworthiness of the vessel, and Defendants' negligence, carelessness, recklessness, willfulness and wantonness, the Estate of Timothy Newsome has sustained and will continue to sustain compensable injuries, which all will be shown more fully at the trial of this cause.

44. The Estate of Timothy Newsome has sustained the following compensable elements of damages as a result of the unseaworthiness of the vessel and/or Defendants' negligence, carelessness, recklessness, willfulness and wantonness: pre-death earned and unearned wages; pre-death conscious pain and suffering ;funeral expenses; the cost of an autopsy and other compensable damages.

## COUNT VII - GENERAL MARITIME LAW NEGLIGENCE OF BELAND

45. Paragraphs 1 through 21 are incorporated herein by reference.

46. Under the general maritime law, Todd Kevin Beland owed a duty to Timothy Newsome to provide him a safe place to work, to provide timely and proper medical care, and to furnish a safe, seaworthy vessel, appurtenances and personnel.

47. Notwithstanding these duties, Defendant Todd Kevin Beland was negligent in causing Timothy Newsome's wrongful death by permitting Timothy Newsome to remain on board the vessel after he became ill, failing to provide Timothy Newsome with a safe place to work, a seaworthy vessel, and appurtenances and personnel by virtue of the conditions, defects and hazards existing on said vessel as a result of the failure to provide him proper medical care, failing to remove him from said vessel and take him to a hospital for proper medical care, failing to warn him of the danger of not providing proper medical care, failing to have a properly-trained officer or crew member on board the vessel to provide him with proper medical care, and other acts of negligence to be shown at trial.

48. The injuries, impairments and death sustained by Timothy Newsome were caused and contributed to, in whole or in part, by the negligence of Defendant Todd Kevin Beland.

49. As a direct result of Timothy Newsome's injuries, Plaintiff has suffered damages, including pre-death pain and suffering of Timothy Newsome, Timothy Newsome's death, loss of financial support, loss of value of probable inheritance, funeral expenses and the cost of an autopsy.

## PRAYER

**WHEREFORE**, based on the foregoing, Plaintiff prays:

a. That a summons be issued to Defendants, citing them to appear and answer the matters aforesaid;

b. That judgment be entered for Plaintiff against Defendants for all general and special damages known to the law;

c. That all expert fees be taxed as costs;

d. That Plaintiff be awarded prejudgment interest; and

e.  That Plaintiff be awarded any and other further relief which this Court deems just and proper.

        BLUESTEIN LAW FIRM, P.A.

        By: s / S. Scott Bluestein
        S. Scott Bluestein / Federal Id No. 6891
        1040 eWall Street
        Mount Pleasant, SC 29464
        Post Office Box 22253
        Charleston, SC 29413-2253
        Telephone: 843-577-3092
        Facsimile: 843-577-3093
        Email: scott@boatinglaw.us

        AND

        MCKNIGHT LAW FIRM

        By: s/Jody McKnight
        Jody McKnight, VI / Fed. Id No. 6053
        1156 Bowman Road, Suite 200
        Mt. Pleasant, South Carolina 29464
        Telephone: (843) 577-6040
        Email: jody.mcknightlawfirm@gmail.com

        **ATTORNEYS FOR PLAINTIFFS**

May 22, 2020
Mount Pleasant, South Carolina